PER CURIAM:
The court sua sponte grants rehearing, withdraws its previous opinion in this matter, United States v. North, 728 F.3d 429 (5th Cir.2013), and substitutes the following.
Appellant Richard North appeals the district court’s denial of his motion to suppress evidence obtained from the intercep *214 tion of his cellular phone. Information obtained from the interception led to North’s arrest for possession of cocaine. For the following reasons, we reverse the district court’s denial of his motion to suppress.
I.
This case stems from the government’s investigation of Kenneth Lofton, a Jackson, Mississippi-based cocaine and marijuana distributor. As part of its investigation, the government sought wiretaps on various cell phones. Judge Wingate in the United States District Court for the Southern District of Mississippi authorized wiretaps on two cell phones (Target Telephone 1 and Target Telephone 2) that were used by Lofton. From these wiretaps, Drug Enforcement Agency (DEA) agents intercepted phone conversations between Lof-ton and a person known as “Jack,” arranging an upcoming cocaine transaction. On March 16, 2009, Lofton and “Jack” met in a parking lot in Jackson. The truck driven by “Jack” was registered to Jerry Primer. On March 18, 2009, the government obtained a third wiretap warrant for “Jack’s” cell phone (Target Telephone 3). On March 19, 2009, DEA agents obtained a driver’s license photograph confirming that “Jack” was in fact Primer.
On March 28, 2009, Primer received a phone call from “Billy,” during which the two agreed to meet at a Jackson home used by Primer. Agents followed Primer to the residence, where they observed a Ford Explorer with a Texas license plate parked in the driveway. The Ford Explorer was a rental car that was later determined to have been rented by Richard North.
Based on surveillance and information gathered from intercepted phone calls between Primer and “Billy,” the government applied for a warrant authorizing interception of phone calls to and from the phone used by “Billy” (Target Telephone 4). The government stated that it had probable cause to believe the targeted phone was “in the possession of and [was] being used by [BILLY],” and further declared that “Billy” had been identified as a member of a narcotics trafficking organization. The application for the warrant was supported by an affidavit from DEA agent Christopher Gale, which explained that interception was necessary because normal investigative procedures had been tried and failed or appeared unlikely to succeed if tried. The district court approved the application.
Based on phone calls intercepted pursuant to the wiretap of Target Telephone 4, the government concluded that “Billy” was Richard North, and that North and Primer were planning a delivery of cocaine to Jackson on May 16, 2009. Agents also received a copy of North’s driver’s license photograph. On the date in question, agents learned that North was en route to Jackson from Houston, Texas. Texas state troopers stopped North for speeding. North’s vehicle was searched by officers and drug-sniffing dogs, but no cocaine was found. Three hours after he was stopped, North was released. Immediately after the stop, a third party listening agent in Metairie, Louisiana intercepted a call on North’s cell phone between North and a female friend. For approximately the first fifty minutes of the call, North talked about a recent concert and about the traffic stop, complaining that he had been wrongfully detained and racially profiled. Approximately one hour into the call, North revealed that he had cocaine hidden in the car and was returning to Houston. The listening agent forwarded this information to officers in Texas, who intercepted North at his home. North was subsequently arrested for possession of cocaine.
II.
In November 2009, North and his co-conspirators were indicted for, inter alia, *215 conspiring to distribute more than fifty-grams of cocaine. North moved to suppress the evidence gathered pursuant to the wiretaps on Target Telephones 3 and 4. North moved to suppress evidence gathered pursuant to • the wiretap on Target Telephone 4 on the grounds that (1) the district court that authorized the wiretap lacked territorial jurisdiction and (2) agents failed to minimize interception of the May 16, 2009 phone call. North moved to suppress evidence gathered pursuant to the wiretaps on both Target Telephones 3 and 4 on the ground that the wiretap applications contained material misrepresentations and omissions. After an evidentiary hearing, the district court denied North’s motion.
On appeal, North argues that: (1) the district court in Mississippi lacked territorial jurisdiction to authorize the interception of his May 16, 2009 call because his phone was located in Texas and the listening post was located in Louisiana; (2) the government’s applications for authorizations contained material misrepresentations and omissions, which undermine the government’s required showings of necessity to resort to wiretaps as an investigative tool; and (3) the government did not comply with monitoring minimization requirements. Because we conclude that the government did not comply with minimization requirements, we do not reach North’s other arguments.
III.
North argues that the evidence gathered as a result of the interception of his May 16, 2009 phone call should be suppressed because the agents listening in Metairie did not comply with minimization requirements. Specifically, North argues that listening agents conducted essentially uninterrupted monitoring of a conversation that had no objective connection to the drug smuggling investigation.[1] The government argues that the agents made reasonable minimization efforts, emphasizing that during the call North complained about racial profiling and what occurred during the traffic stop; and that the conversation occurred immediately after North’s car had been searched for drugs and the agents knew from other tapped conversations that drugs were concealed in the vehicle.
“This court reviews the district court’s determination of the reasonableness of minimization efforts for clear error.” United States v. Brown, 303 F.3d 582, 603 (5th Cir.2002). “Under the clearly erroneous standard, we may not reverse the district court’s findings of fact unless the review of the relevant evidence leaves us with ‘the definite and firm conviction that a mistake has been committed.’ ” Broussard v. United States, 989 F.2d 171, 178 (5th Cir.1993) (quoting U.S. Gypsum, 333 U.S. at 395, 68 S.Ct. 525). Electronic surveillance must “ ‘be conducted in such a way as to minimize the interception of communications not otherwise subject to interception.’ ” Brown, 303 F.3d at 604 (quoting 18 U.S.C. § 2518(5)). To comply with § 2518(5), the “government’s efforts to minimize interception of non-pertinent conversations must be objectively reason *216 able in-light of the circumstances confronting the interceptor.” Id. (internal quotation marks omitted). We consider three factors in determining the objective reasonableness of the government’s efforts to minimize: ' “ ‘(1) the nature and scope of the criminal enterprise under investigation; (2) the Government’s reasonable inferences of the character of a conversation from the parties to it; and (3) the extent of judicial supervision.’” Id. at 604 (quoting United States v. Bankston, 182 F.3d 296, 307 (5th Cir.1999)).
The government contends, and the district court appears to have accepted, that during the conversation, the listening agents stopped listening in on the call eight times, for a total of six minutes and seventeen seconds. However, we can find no evidence in the record to support the government’s contention that the phone call was minimized. The record cite provided by the government does not speak to the minimization efforts made during the May 16, 2009 phone call.
Even if the alleged minimization did occur, we do not find the effort to have been objectively reasonable. The affidavit in support of the application to wiretap North’s-phone stated that “monitoring will be suspended if the conversation is not criminal in nature or is not otherwise related to the offenses under investigation,” and that “spot checks” would be conducted “to insure that the conversation ha[d] not turned to criminal matters.” However, the agents did not stop listening when it was made clear that the conversation was not criminal in nature and then conduct brief “spot checks.” Rather, assuming the alleged minimization occurred, the agents listened to a non-pertinent conversation for nearly one hour, suspending monitoring only eight times for an average of less than one minute each time. Although the government asserts that the context supported continuous listening because North had been stopped on what the government believed to be a drug run, it seems just as likely that North’s failure to immediately discuss his near miss during the conversation demonstrated that the phone call was not related to the drug crimes under investigation.
Additionally, while North discussed the stop at various times during the first fifty minutes of the call, his emphasis was that he had been wrongfully detained and racially profiled — not that he was engaged in criminal activity. Moreover, North was not' speaking to a member of the drug smuggling conspiracy. Until the very end of the conversation, nothing of the conversation was criminal in nature or referenced the smuggling activities. Under these circumstances, it was not objectively reasonable for agents to listen in for nearly one hour to a conversation that did not turn to criminal matters until the last few minutes. We therefore conclude that the district court clearly erred in finding that these minimization attempts were objectively reasonable. As such, the evidence obtained from the May 16, 2009 interception of North’s cell phone must be suppressed.
IV.
For the foregoing reasons, we find that the government failed to comply with statutory minimization requirements when monitoring North’s May 16, 2009 phone call. We therefore REVERSE the district court’s denial of North’s motion to suppress and REMAND for further proceedings.

. North contends, and the district court appears to have accepted, that the instructions provided to the agents "authorized spot monitoring for not more than two minutes, and authorized continued monitoring when the conversation relatefd] to the alleged crimes under investigation.” However, we can find no evidence in the record to support this claim. North's motion to suppress filed in the district court states that a copy of these instructions is attached as an exhibit, but the record contains no such exhibit.